Bickel v. Maddak et ux., Appellants.

326

Argued November 19, 1931. Before Trexler, P. J., Keller, Linn, Gawthrop, Cunningham, Baldrige and Stadtfeld, JJ.

*John L. DuBois,* for appellants.

*Henry A. James,* for appellee.

Opinion by Baldrige, J., January 28, 1932:

Michael Maddak and Anna Maddak, his wife, the appellants, are owners by the entireties of certain real estate in Bucks County. On December 24, 1929, suit was brought against Michael Maddak by Mitchell Bickel before William H. Kunsman, a justice of the peace. Before hearing was completed, a settlement was agreed upon and Maddak and Anna, his wife, executed a judgment note for $300, and that, apparently, terminated the case. On September 5, 1930, the judgment note was entered of record and thereupon a petition to open judgment was filed. A rule was granted, depositions were taken and the court discharged the rule.

The appellants seek a reversal of the decree as to Anna Maddak, based on the ground that under the Act approved June 8, 1893, P. L. 344, she is relieved from liability. The learned court below was of the opinion that if she was merely a surety for her husband, the judgment should be opened, but he concluded that that was not the case for two reasons: "First, from the fact that the suit (before the justice of the peace) was not marked settled and discontinued. If it had been, this fact would certainly have been shown by the defendants upon cross-examination of the justice or by requiring the justice to produce his record. In the second place, it is significant that the amount of the note is the maximum amount for which the justice could possibly have rendered a verdict."

Squire Kunsman testified that he instituted the suit at the instance of Bickel, and on the day of the hearing Bickel appeared before him with an itemized claim against Maddak showing how much was due for chickens, cows, etc.; that Maddak produced a counter-claim for feed and pasture, etc., and between these two claims there was a difference of an amount over three hundred dollars, in favor of Bickel. The squire, when he learned these facts, informed the parties that the plaintiff's claim was more than $300 and that he, as a justice, did not have jurisdiction, and advised them that they had better get together and settle the differences out of court, especially in view of the fact that Bickel was a son-in-law of Maddak. After some discussions, Bickel said he was willing to accept $300. Maddak stated he didn't have the money, and it was finally agreed that Michael Maddak and Anna Maddak would execute a judgment note for that sum, payable in one year. From this testimony, there seems to be no doubt that the note was given as a settlement of the mutual accounts between Bickel and Maddak, and included, undoubtedly, the subject matter of the

suit before the justice of the peace. In such circumstances, this seems to be a plausible reason for explaining the execution of a note equalling the amount of the justice's jurisdiction. The action of Bickel in bringing his suit against Maddak alone, and the testimony of the justice of the peace, were sufficient to raise the issue of fact whether Anna Maddak was a principal or surety.

We think that the rule to open the judgment as to Anna Maddak should have been made absolute.

Order of the lower court is reversed. The judgment is opened as to Anna Maddak and the record remitted with a procedendo.